IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOSTON TELECOMMUNICATIONS
GROUP INC., et al.,

    Plaintiffs,

v.

ROBERT WOOD,

    Defendant.

No. C 02-05971 JSW

**ORDER GRANTING MOTION TO COMPEL AN ANSWER AND INITIAL DISCLOSURES**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to compel an answer and initial disclosures filed by Plaintiffs Boston Telecommunications Group., Inc. and Roderick Marshall (collectively "Plaintiffs"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY GRANTS Plaintiffs' motion.

## BACKGROUND

On December 31, 2002, Plaintiffs filed the Complaint in this action against Robert Wood ("Wood"), Deloitte & Touche Slovakia, s.r.o., Deloitte & Touche Central Europe, Deloitte Touche Tohmatsu, George Mainas, and Consolidated Global Cable Systems, Inc.

On March 17, 2003, Plaintiffs filed an amended complaint, in which they named Deloitte & Touche Czech Republic, B.V. and Deloitte & Touche EEOD, as additional

defendants. (Docket No. 25.) The Court hereafter refers to the Deloitte entities as the "Deloitte Defendants." On April 14, 2003, Wood moved to dismiss for insufficiency of service of process. (Docket No. 44.) On April 25, 2003, Deloitte Touche Tohmatsu filed a motion to dismiss for lack of jurisdiction, which was granted on August 7, 2003. (Docket No. 50, 89.)[1]

On August 14, 2003, the remaining Deloitte Defendants filed a motion to dismiss for lack of jurisdiction and filed a motion to dismiss for *forum non conveniens*. (Dockets 91, 92.) On the same day, Wood also filed a motion to dismiss for *forum non conveniens*, and filed a joinder in the Deloitte Defendants' motion to dismiss for lack of jurisdiction. (Docket Nos. 93, 97.)[2] On March 26, 2004, the Court held a hearing on the motions. On the record at the hearing, the Court granted the Deloitte Defendants' motion to dismiss for lack of jurisdiction and concluded Wood properly joined in that motion. The Court, therefore, concluded it was without jurisdiction to rule on Wood's motion to dismiss for *forum non conveniens*. (*See* Docket No. 175). The Court entered a final judgment on April 22, 2004, and the parties appealed. (Docket Nos. 178, 179).

On September 27, 2007, the Ninth Circuit reversed this Court's ruling as to Wood and found that he had waived his right to assert a defense of lack of personal jurisdiction under Rule 12(b)(2). *Boston Telecommunications Group, Inc. v. Deloitte Touche Tohmatsu, et al.*, 04-15983, Slip. Op. at 6. On December 17, 2007, the case was reopened, and the Court set a case management conference for February 22, 2008.

The instant dispute arises because the Court did not rule on Wood's motion to dismiss for forum non conveniens and because Wood has not filed an answer to the Amended Complaint. Wood also has not provided Plaintiffs with his initial disclosures. Plaintiffs seek an order from this Court compelling Wood to do so, in advance of a ruling on Wood's renewed motion to dismiss for *forum non conveniens*, which is set for hearing on April 18, 2008.

---

[1] On the same date, the granted a motion to dismiss in favor of arbitration, filed by George Mainas and Consolidated Global Cable Systems, Inc.. (Docket No. 90.)

[2] Plaintiffs voluntarily dismissed Deloitte & Touche Czech Republic, B.V. and Deloitte & Touche EEOD from the case on February 27, 2004. (Docket Nos. 148, 149.)

2

## ANALYSIS

**A.     Wood Shall Be Required to File An Answer.**

"Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: ... [a] defendant must serve an answer: ... within 20 days after being served with the summons and complaint ... ." Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant files a motion under Rule 12, however, "the responsive pleading must be served 10 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

A motion to dismiss for *forum non coveniens* is not a motion under Rule 12, which would otherwise toll the time period in which Wood would be required to respond. The Court of Appeals has issued its opinion on Wood's motion to dismiss for lack of jurisdiction, rendering the decision on that motion final. Wood's obligation to answer the Amended Complaint has, therefore, been triggered. Wood does not dispute Plaintiffs' legal arguments on this point. Rather, he urges the Court to use its inherent authority to permit him to file an answer and serve initial disclosures only *after* the Court has resolved the pending motion to dismiss. The Court declines Wood's request.

In light of the time that this case has been pending, the Court HEREBY ORDERS Wood to file his answer to the Amended Complaint by April 16, 2008.

**B.     Wood Shall Be Required to Serve His Initial Disclosures.**

Federal Rule of Civil Procedure Rule 26 provides, in part, that "[a] party must make ... initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(c).

It is undisputed that the parties held a Rule 26(f) conference in 2003. On May 30, 2003, the parties filed a joint case management statement in which Wood represented that he objected "to providing initial disclosures at this time given that he has not been served with the Complaint and Summons. ... Pursuant to Rule 26(a)(1)(E), Mr. Wood will provide his initial disclosures within 30 days after being properly served with process, or in the event that the

3

Court denies Mr. Wood's Motion to Dismiss for Insufficiency of Service of Process ... and rules that Mr. Wood in fact has been properly served, he will provide his initial disclosures within 30 days of the date of the Court's ruling ... ." (Joint Case Management Statement at 5:3-12.)

On July 18, 2003, following a hearing on Wood's motion, the Court denied the motion and ordered Plaintiffs to serve Wood by no later than October 31, 2003. (Docket No. 88.) The record shows that Plaintiffs served Wood in accordance with the Court's Order on or about July 16, 2003, and filed proof of service on September 17, 2003. (Docket No. 107.) The Court shall hold Wood to his commitment. Again, in light of the time that this case has been pending, and because the thirty days Wood initially stated would suffice to provide his initial disclosure has long passed, Wood shall be required to produce his initial disclosures to Plaintiffs with his answer on April 16, 2008.

**IT IS SO ORDERED.**

Dated: April 9, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4