IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON TELECOMMUNICATIONS GROUP INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT WOOD,<br><br>    Defendant.<br>_____/ | No. C 02-05971 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 18, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

//

The Court **tentatively sustains Wood's objections** to the Supplemental Marshall Declaration, except to the extent it identifies persons with knowledge relevant to this litigation. The Court **tentatively grants** Wood's motion to dismiss.

Each party shall have (20) minutes to address the following questions:

1. Apart from the reference to the State Department website, Plaintiffs evidence regarding the inadequacy of the Slovak Republic as an adequate alternate forum pertains to his personal difficulties. Does Plaintiff have any additional authority to suggest that this is a sufficient basis on which to conclude it does not constitute an adequate alternate forum? *See, e.g., Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1351 n.2 (1st Cir. 1992); *cf. Tennecal Funding Corp. v. Sakura Bank*, 87 F.3d 1322 (9th Cir. June 19, 1996) (unpublished opinion citing *Mercier* favorably).

2. Wood argues that it will be impossible to litigate all of Plaintiffs' claims in this forum because the Deloitte Defendants are not subject to the Court's jurisdiction. Given the Court's finding, affirmed by the Court of Appeals, that Wood did not act as the Deloitte Defendants' agent, what relevance, if any, do the Deloitte Defendants have to the Plaintiffs' claims or Wood's defenses?

    a. What is the importance or materiality of the Deloitte Defendant's corporate structure? (*See* Svirha Declaration, Ex. A (Plaintiffs' Initial Disclosures at 5.)

    b. What is the importance or materiality of Mr. Marshall's business practices to this litigation? (*See* Docket 95 (Wood Declaration) ¶ 9.)

3. Defendant asserts that witnesses located abroad cannot be compelled to testify in this forum. Plaintiff identifies certain witnesses who may work or reside within the United States or Canada. Can those witnesses be compelled to testify in the Slovak Republic?

4. Do Plaintiffs contend that Wood's initial disclosures contain new information that would impact the Court's analysis of any of the private or public interest factors?

5. Are there any other issues the parties wish to address?

Dated: April 17, 2008

                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE