David C. Phillips (SBN 032611)
dcp@phillaw.com
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 35th Floor
San Francisco, California 94111
Tel: (415) 398-0900
Fax: (415) 398-0911

Steven M. Cowley (*Pro Hac Vice*)
scowley@eapdlaw.com
Thomas H. Wintner (*Pro Hac Vice*)
twintner@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

Attorneys for Plaintiffs
Boston Telecommunications Group, Inc.
and Roderick Marshall

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOSTON TELECOMMUNICATIONS GROUP, INC. and RODERICK MARSHALL,<br><br>     Plaintiffs,<br> v.<br><br>ROBERT WOOD,<br>     Defendant. | CASE NO. C02-5971 JSW<br><br>**STIPULATION AND ORDER SUPPLEMENTING THE FEBRUARY 9, 2004 STIPULATION AND PROTECTIVE ORDER FOR TREATMENT OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION PRODUCED IN DISCOVERY** |

THE PARTIES, BY THEIR UNDERSIGNED COUNSEL, HEREBY AGREE AS FOLLOWS:

1

**SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER** – Case No. C02-5971 JSW

1)      This stipulation and order (the "Supplemental Order") supplements the Stipulation and Protective Order for Treatment of Confidential and/or Proprietary Information Produced in Discovery, which was so Ordered on February 9, 2004 (the "February 2004 Protective Order"; together with this Supplemental Order, the "Protective Order").

2)      The February 2004 Protective Order, including without limitation its restrictions on disclosure and use of Confidential Material, shall also apply to all documents, information, articles, testimony or things ("discovery material") produced in this action and designated as "Confidential" or "Confidential Material" by any non party.  Non-parties who produce and designate as Confidential or Confidential Material any such discovery material in connection with this litigation are entitled to all of the remedies and relief authorized by the February 2004 Protective Order and Supplemental Order in any Court of competent jurisdiction, including without limitation in this Court and in the federal district court that issues the subpoena to that non party.  Nothing in this Supplemental Order shall be construed as prohibiting a non party from seeking additional protections.

3)      In the event that a party is required, by a valid discovery request, to produce a non party's Confidential information or Confidential Material the party shall:

    a.      promptly notify in writing the requesting party and the non party that some or all of the information requested is subject to the Protective Order; and

    b.      promptly provide the (i) requesting party with a copy of this Supplemental Order and the February 2004 Protective Order, and (ii) the non party with the relevant discovery request(s) and a reasonably specific description of the information requested.

If the non party fails to object or seek a protective order from any Court of competent jurisdiction (including without limitation the court from which the subpoena of such non party was issued) within 21 days of receiving the notice and accompanying information, the receiving party may produce the non party's Confidential information or Confidential Material pursuant to the discovery request.  If the non party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the Protective Order

**SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER** – Case No. C02-5971 JSW

before a determination by the Court in which the non-party seeks a protective order or other relief.

4) In the event any party (or non-party) wishes to file or use in Court any material designated by a non party as "Confidential" or "Confidential Material", it shall first confer with the non party that produced such material, and if requested by that non party, it shall comply with the requirements of Rule 79.5(d) of the Local Civil Rules of the Northern District of California by seeking to have such material filed under seal.

5) The invocation by a non-party who produces discovery material in this action of the protections, rights, remedies and relief set forth in the Protective Order shall not constitute a submission by such non party to the jurisdiction of the Courts of the Northern District of California for any purpose. A party seeking to enforce any rights or remedies set forth in the Protective Order against a non party that produced discovery material pursuant to a subpoena shall do so only in the jurisdiction from which the subpoena of that non-party issued, and the parties hereby submit to such jurisdiction for all purposes related to the Protective Order that involve the non-party.

**IT IS SO STIPULATED.**

/s/
Steven M. Cowley (Pro Hac Vice)
EDWARDS ANGELL PALMER & DODGE LLP

/s/
Lidia S. Stiglich
STIGLICH & HINKLEY LLP
Attorneys for Defendant

David C. Phillips
PHILLIPS ERLEWINE & GIVEN LLP

Attorneys for Plaintiffs
Boston Telecommunications Group, Inc.
and Roderick Marshall

**IT IS SO ORDERED**:

January 20, 2011

_____
Jeffrey S. White
United States District Court Judge

3

**SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER** – Case No. C02-5971 JSW