IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOSTON TELECOMMUNICATIONS
GROUP INC., et al.,

    Plaintiffs,

  v.

ROBERT WOOD,

    Defendant.

_____/

No. C 02-05971 JSW

**COURT'S INTENDED VOIR DIRE**

    The parties are HEREBY ADVISED that the following constitutes the Court's Intended Voir Dire. Any objections thereto must be filed by no later than June 11, 2012.

    **IT IS SO ORDERED.**

Dated: May 21, 2012

                                          JEFFREY S. WHITE
                                          UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

The plaintiffs in this case are an individual named Roderick Marshall, and a company that Mr. Marshall formed called Boston Telecommunications Group, Inc. For simplicity's sake, I will refer to the two plaintiffs collectively as Mr. Marshall. The defendant is an individual named Robert Wood. In 1996, Mr. Marshall and Mr. Wood began discussing an investment opportunity involving cable television licenses in Bulgaria, which I will refer to as the Bulgarian Cable Opportunity. Mr. Marshall claims to have invested $500,000 in the Bulgarian Cable Opportunity, claims it turned out to be a sham and, as a result he lost his investment, and he claims that Mr. Wood concealed important facts from him that would have affected his decision to invest. Mr. Wood denies Mr. Marshall's allegations, and he asserts that Mr. Marshall's claims are barred by the statute of limitations. If you are selected as a juror, I will provide you with more detail about the nature of the parties' claims and defenses.

**QUESTIONS FOR THE PANEL**

1. Has any member of the panel heard or read anything about the case?
2. As I said, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?
4. As I mentioned, Plaintiffs in this case are Mr. Marshall and Boston Telecommunications Group, Inc. Are any of you familiar with or do any of you have any connections with Mr. Marshall or his company?
5. Mr. Marshall is represented by David C. Phillips, of Phillips, Erelwine & Given LLP, and Steven M. Cowley and Thomas H. Wintner of Edwards Angell Palmer & Dodge, LLP. Are any of you familiar with or do any of you have any connection with any of these persons?
6. Defendant is Robert Wood. Are any of you familiar with or do any of you have any connections with Mr. Wood?

2

7. Mr. Wood is represented by Lidia Stiglich and Michael Hinkley of Stiglich & Hinkley. Are any of you familiar with or do any of you know any of these persons?

8. The parties may also call the following witnesses either through live testimony or by deposition testimony: George Mainas, a resident of Novato, California and Christopher Ashby, a resident of Miami, Florida.

   a. Are any of you familiar with or do any of you know any of the potential witnesses?

9. Do any of you have any connection with the accounting/consulting firm, Deloitte Touche?

10. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, including any instructions I may give you on damages and punitive damages, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

11. Having heard these questions, do any of you feel that there is anything in your own life that seems to connect or relate to some issue in this case?

    a. Is there anything about those feelings that would make it difficult for you to serve as a juror in this case?

12. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

13. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

3